UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MICHAEL FREEMAN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. C06-377-RSL |
| | ) | |
| v. | ) | |
| | ) | ORDER DIRECTING STAY |
| RICHARD MORGAN, | ) | AND ABEYANCE |
| | ) | |
| Respondent. | ) | |
| ______________________________ | ) | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner has filed a 28 U.S.C. § 2254 petition for writ of habeas corpus. The petition lists four grounds for relief: (1) petitioner's conviction for assault and robbery violated the double jeopardy prohibition against multiple punishments for the same offense, because both crimes arose out of the same conduct; (2) the basis of the jury's robbery verdict was ambiguous and should be construed in his favor; (3) the state courts' conclusions that double jeopardy did not occur "conflict with longstanding precedent[;]" and (4) there was sufficient evidence to support petitioner's claim that he intended only to rob his victim and not to assault him. Respondent argued, among other things, that petitioner's second, third, and fourth claims were not fully exhausted. Dkt. No. 7. In response, petitioner filed a "second response" in which he chiefly argued that his appellate counsel provided ineffective assistance by failing to present his claims properly. Dkt. No. 11.

This Court previously issued a Report and Recommendation concluding that the claims were fully exhausted, and recommended denial of relief. Dkt. No. 13. In response,

the petitioner objected to the recommendation, and requested that the matter be dismissed, so that he could fully exhaust the claims that the government claimed were non-exhausted. Chief District Judge Lasnik referred this matter back to the undersigned Magistrate Judge. Dkt. No. 15. Following a careful review of the parties' pleadings and the record, the Court orders that Issue 1 be stayed and that issues 2, 3, 4, and the issue of ineffective assistance of counsel be returned to the state court for review.

## II. FACTS AND PROCEDURAL HISTORY

The facts of the case will not be repeated here. For a factual recitation, *see State v. Freeman*, 118 Wn. App. 365, 367 (Div. 1, 2003), *aff'd*, 153 Wn.2d 765 (2005) (en banc). The sole issue before this Court is the impact of the petitioner's agreement with the respondent that he did not fully exhaust his claims before filing his pro se 28 U.S.C. § 2254 petition for writ of habeas corpus.

In his objection to the Report and Recommendation, the petitioner has agreed with the government that some of his claims have not been fully exhausted and is seeking authority to fully exhaust those issues. He asks that his petition be dismissed without prejudice. Dkt. No. 14. By doing so, he appears to be under the mistaken impression that the only way to be able to exhaust his state claims fully is to dismiss his current habeas petition. If his motion to dismiss is granted, then, if and when he seeks new habeas relief in this Court, the one-year statute of limitations will have run on his exhausted claims.

## III. BECAUSE THE PETITIONER AGREES WITH THE GOVERNMENT THAT THIS IS A MIXED PETITION, HE WILL BE ALLOWED TO EXERCISE HIS RIGHT TO STAY AND ABEYANCE OF THIS PETITION WHILE HE ATTEMPTS TO EXHAUST THE UNEXHAUSTED CLAIMS

Because the petitioner agrees with the government that three of his four claims for relief and his new claim for ineffective assistance of counsel have not been fully exhausted, his current habeas corpus petition is "mixed." *Jackson v. Roe,* 425 F.3d 654, 658 (9th Cir. 2005), citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Therefore the Court has two options.

First, the Court may dismiss all or part of the petition without prejudice. *Jefferson v. Budge,* 419 F.3d 1013, 1016-17 (9th Cir. 2005). Because dismissal of the entire petition could result in the statute of limitations expiring on his exhausted claim, the Court will allow the petitioner the opportunity to return to state court to present his unexhausted claims. *Jackson,* 425 F.3d at 660-61. Once petitioner has properly exhausted his unexhausted claims, he can move forward with all of his claims in the current petition. This "stay and abeyance" procedure is available only in limited circumstances in which the Court finds that petitioner had "good cause" for failing to exhaust the claims. *Rhines v. Weber,* 125 S. Ct. 1528, 1535 (2005). The Court should not grant the stay if the claims are meritless, or if petitioner engages in "abusive litigation tactics or intentional delay." *Id.* The petitioner's claims are neither meritless nor has he been engaged in abusive litigation tactics or intentional delay.

## IV. CONCLUSION

For the reasons discussed above, the Court denies petitioner's motion to dismiss. Dkt. No. 14. Instead, this petition will be held in abeyance. Petitioner will immediately take steps to pursue his unexhausted claims in state court. Petitioner shall advise this Court of the status of his attempts to exhaust his claims **not later than January 15, 2007.** The Clerk is directed to send a copy of this order to the Honorable Robert S. Lasnik.

DATED this 11th day of October, 2006.

James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge